Order, Supreme Court, New York County (Lucy Billings, J.), entered March 7, 2013, which, to the extent appealed from, *418 denied so much of defendants’ motion for summary judgment as sought to dismiss the amended complaint as against defendants Berman and Company, Center for Consumer Freedom, Richard Berman and David Martosko (the CCF defendants), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the amended complaint.
At issue is an advertisement that the CCF defendants created and placed in-the New York Times in December 2008 to alert the public that a Humane Society of the United States (HSUS) vice-president would speak at plaintiffs holiday fundraiser. The ad was captioned, “Why is [HSUS] Helping a Terrorist Group Raise Money?” Plaintiff alleges libel based on the ad’s statements that plaintiff, in its purported prior incarnation as SHAG Philly and Hugs For Puppies, had ties to SHAG USA (an animal rights organization whose leaders undisputedly were convicted of, among other things, conspiracy to violate the Animal Enterprise Protection Act); that plaintiffs organizers have been involved in violence; and that the media had reported that plaintiffs leader, Nicholas Cooney, threatened to kill the child of a pharmaceutical company that works with Huntingdon Life Sciences, an animal research lab targeted by SHAG USA for its animal testing practices.
The court should have dismissed the amended complaint as against all of the defendants. Contrary to plaintiffs contention, it is a public figure (see James v Gannett Co., 40 NY2d 415, 422 [1976]). It thrust itself to the forefront of the public controversy on animal cruelty and sought to influence public action on this issue. Accordingly, as a public figure, plaintiff must show by clear and convincing evidence that defendants published the ad at issue with actual malice in order to prevail on any claim of libel (Kipper v NYP Holdings Co., Inc., 12 NY3d 348, 353-354 [2009]).
“[A] libel defendant’s burden in support of summary judgment is not ... to prove as a matter of law that it did not publish with actual malice, but to point to deficiencies in the record that will prevent plaintiff from proving that fact by clear and convincing evidence” (id. at 354). Here, defendants were entitled to summary judgment because they cited deficiencies in the record that prevent plaintiff from proving actual malice (i.e., that defendants “entertained serious doubts as to the truth of [its] publication or acted with a high degree of awareness of . . . probable falsity ... at the time of publication”) by clear and convincing evidence (see Kipper, 12 NY3d at 354-355 [internal quotation marks omitted]). Indeed, defendant David *419 Martosko wrote the ad and stated his belief in the veracity of the statements therein, and submitted documentation corroborating his beliefs. The motion court largely credited the veracity of those statements as of 2007. The court, however, focusing on the lack of evidence of misconduct in 2008, during which restraining orders were in place against plaintiff and Cooney, erred in suggesting that the statements were no longer accurate as of 2008. Contrary to the motion court’s conclusion, defendants’ failure to mention or address the lack of violent acts during this period does not raise a triable issue of fact as to whether they printed the ad with actual malice. Indeed, defendants never even mentioned any misconduct in 2007, and the 2008 events mentioned are undisputedly accurate. Further, the court and plaintiff cite no facts suggesting that defendants had serious doubts about the truth of any of the statements, in 2008 or any other year.
Plaintiff cites to Martosko’s conduct in other cases and urges this Court to discredit his affidavit, asserting that he and defendants are likely to knowingly publish a false advertisement. However, given defendants’ detailed and far more specific documentary evidence and testimony, plaintiffs claims are too vague and speculative to defeat defendants’ motion. Moreover, a plaintiff’s assertions that a jury “might, and legally could, disbelieve the defendant’s denial ... of legal malice are not enough” to defeat a summary judgment motion (Khan v New York Times Co., 269 AD2d 74, 79 [1st Dept 2000] [internal quotation marks omitted]; Kipper, 12 NY3d at 357; see also Bose Corp. v Consumers Union of United States, Inc., 466 US 485, 512 [1984]). Further, Martosko’s good faith reliance on newspaper articles precludes a finding of actual malice (see Liberty Lobby, Inc. v Dow Jones & Co., Inc., 838 F2d 1287, 1297 [DC Cir 1988], cert denied 488 US 825 [1988]). Plaintiffs alleged denials and warnings regarding the truth of the statements in the ad are also insufficient to raise an issue of fact (see Edwards v National Audubon Socy., Inc., 556 F2d 113, 120-121 [2d Cir 1977], cert denied 434 US 1002 [1977]).
Given the foregoing determination, we need not decide whether plaintiff has raised a triable issue of fact regarding the falsity of the statements at issue in the ad. Concur — Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ.